# In the United States Court of Federal Claims

No. 22-1666
(Filed: June 14, 2023)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
CONSTANTINE S. ANANIADES,                    *
                                             *
               Plaintiff,                    *
                                             *
        v.                                   *
                                             *
THE UNITED STATES,                           *
                                             *
               Defendant.                    *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Constantine Ananiades*, Arcadia, CA, plaintiff *pro se*

*Mariana Teresa Acevedo*, U.S. Department of Justice, Civil Division, Washington, D.C., for defendant.

## OPINION

**FUTEY**, *Senior Judge*

In 1984, Plaintiff Constantine Ananiades ("Plaintiff") contracted with the United States Air Force ("USAF") for a "Sneak Circuit Design" project. In 1985, in connection with the contract, Plaintiff submitted a container to store work materials with the USAF. The "completion date" of the contract was September 30, 1985. On December 10, 2019, Plaintiff requested return of the container and learned that it had been destroyed on April 5, 2004. On November 8, 2022, Plaintiff filed a complaint with this court alleging that in destroying the container, the United States government ("Defendant") breached the contract and committed a taking. Plaintiff seeks $1,000,000,000,000 in damages.

On January 9, 2023, Defendant filed a motion to dismiss pursuant to rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing that under the applicable six-year statute of limitations, Plaintiff's claims are time-barred and therefore that his complaint should be dismissed for lack of jurisdiction.

The matter is now ripe for disposition.

## I.    BACKGROUND

1

### a. Factual Background

The complaint alleges as follows: In January 1984, Plaintiff submitted a proposal for a "Sneak Circuit Design" project in response to a Request for Proposal (RFP) issued by the USAF. *See* ECF No. 1 at 2.  In August 1984 the proposal was accepted, and a contract was executed in September 1984[1]; then the USAF decided that the project should be classified, leading Plaintiff to apply for a security clearance in November 1984. *Id.* at 2-3.  On November 21, 1984, Plaintiff submitted to the USAF a physical container corresponding to the project. *Id.* at 3; ECF No. 1-2 at 22.  The contract was ultimately "extended due to the intervening delay, and … came to close below budget," i.e., below the price of $37,000. *See* ECF No. 1 at 4.  The contract established a "completion date" of September 30, 1985. *See* ECF No. 1-2 at 19.

On December 10, 2019, Plaintiff requested, for the first time, that the physical container be returned. *Id.*  In March 2022, Plaintiff submitted a Freedom of Information Act ("FOIA") request seeking all information about the container. *Id.* at 5.  The USAF informed Plaintiff that it had "no records" – the container was apparently transferred to the Federal Records Center in Waltham, MA in 1996, and then destroyed on April 5, 2004. *See id.* at 5; ECF No. 1-2 at 25.

On this basis, Plaintiff alleges six counts against Defendant, all of which sound in contracts and takings: (1) taking of personal property by inverse condemnation, (2) taking of intellectual property by inverse condemnation, (3) breach of implied-in-fact contract, (4) breach of implied-in-law contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) deprivation of right to due process (with respect to the alleged taking). *See* ECF No. 1 at 9-12.

### b. Procedural Background

As previously noted, on November 8, 2022, Plaintiff filed a complaint in this Court, including exhibits. *See* ECF No. 1.  On January 9, 2023, Defendant filed a motion to dismiss under RCFC 21(b)(1).  ECF No.6.  Plaintiff filed a Response on February 6, 2023.  ECF No. 8.  Defendant filed its Reply on February 21, 2023.  ECF No. 9.

Plaintiff has also separately filed a pending FOIA lawsuit with the United States District Court for the Central District of California, Case No. 21-CV-1645-MCS-PVC.[2]  *See* ECF No. 9 at 2.

---

[1] Plaintiff alleges that the contract was executed "on or about September 1984."  ECF No. 1 at 2.

[2] To the extent that Plaintiff's claims fall under FOIA, this court lacks jurisdiction over those claims – only United States district courts have subject matter jurisdiction over alleged FOIA violations.  *See Estate of Grant v. United States*, 134 Fed. Cl. 348, 357 (2017) (citing 5 U.S.C. § 552(a)(4)(B); *Frazier v. United States*, 683 Fed.Appx. 938, 940 (Fed. Cir. 2017)).

## II.    DISCUSSION

Defendant moves to dismiss the complaint for lack of jurisdiction because almost four decades have passed since the contract "completion date," clashing with the relevant six-year statute of limitations.  *See* ECF No. 6 at 2, citing 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim accrues.").

### a.  Standard of Review

The Tucker Act grants the Court of Federal Claims subject matter jurisdiction over any monetary claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act is only a jurisdictional statute and does not create any substantive rights for money damages.  *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976).  Instead, plaintiffs must ground their claim for money damages in a money-mandating source of substantive law.  *See, e.g., McCord v. United States*, 943 F.3d 1354, 1358-59 (Fed Cir. 2019); *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed Cir. 2008).  Thus, the Act "generally vests the Court of Federal Claims with jurisdiction to render judgment in government contract disputes."  *See PSEG Nuclear, L.L.C. v. United States*, 465 F.3d 1343, 1349 (Fed. Cir. 2006).

As noted above, however, 28 U.S.C. § 2501, the relevant statute of limitations, requires that claims be filed "within six years after such claim accrues."  28 U.S.C. § 2501.  A claim against the United States accrues "when all the events have occurred which fix the liability of the government and entitle the claimant to institute an action."  *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (quoting *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006)).  The plaintiff need not have actual knowledge of all the relevant facts for the statute of limitations to start running."  *FloorPro*, 680 F.3d at 1381.

Rule 12(b)(1) permits a party to file a motion to dismiss for lack of subject matter jurisdiction.  The filings of *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers."  *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  *Pro se* plaintiffs, however, still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Tindle v. United States*, 56 Fed. Cl. 337, 341 (2003).  The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking.  *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007).

### b.  Plaintiff's Claims are Time-Barred by the Governing Statute of Limitations

Even if this court reads Plaintiff's complaint with less stringent standards than formal pleadings drafted by lawyers, the time gap between events at the heart of Plaintiff's complaint and the filing of this case means that this Court lacks subject-matter jurisdiction.

The statute of limitations of the Tucker Act, which must govern here, is jurisdictional. *Shoshone Indian Tribe Of The Wind River Reservation v. United States*, 672 F.3d 1021, 1029 (Fed. Cir. 2012) (citing *J.R. Snad & Gravel Co. v. United States*, 552 U.S. 130, 136-139 (2008)). In other words, if claims do not comport with the statute of limitations, this Court lacks subject-matter jurisdiction over those claims.

The section of the contract Plaintiff appends to his complaint lists a 1985 "completion date." *See* ECF No. 1-2 at 19. Plaintiff does not concretely allege that performance in fact continued past 1985. Defendant observes that even if accrual is assessed with maximum leniency towards Plaintiff, and "fixation" is construed with respect to the latest possible material events cited by Plaintiff – destruction of the container in 2004 – this transpired eighteen years before Plaintiff filed his complaint (April 2004-November 2022) – far eclipsing the six-year maximum interval allowed under 28 U.S.C. § 2501. *See* ECF No. 6 at 3. The Court agrees.

Plaintiff's claims are decisively time-barred by the relevant statute of limitations. Consequently, this Court lacks subject-matter jurisdiction. Plaintiff's claims must be dismissed.

## III.     Conclusion

For the above stated reasons, the following is hereby ordered:

    1. Defendant's motion to dismiss is **GRANTED**.

    2. Plaintiff's complaint is **DISMISSED**.

The Clerk is directed to enter judgment accordingly. No costs.

    **IT IS SO ORDERED.**

                                  s/Bohdan A. Futey_____
                                  **Bohdan A. Futey**
                                  **Senior Judge**